State v. Green

_____

STATE OF NORTH CAROLINA v. JOHN JASPER GREEN, JR.

No. 8710SC1229

(Filed 2 August 1988)

Narcotics § 4— conspiracy to traffic in cocaine—conspirator acquitted—defendant
  not guilty of conspiracy
        Defendant could not be found guilty of conspiracy to traffic in cocaine
    where his alleged co-conspirator had been acquitted by another jury.

APPEAL by defendant from *Farmer, Judge*. Judgment entered 24 July 1987 in Superior Court, WAKE County. Heard in the Court of Appeals 3 May 1988.

*Attorney General Thornburg, by Associate Attorney General Robin W. Smith, for the State.*

*John T. Hall for defendant appellant.*

PHILLIPS, Judge.

Defendant was convicted of conspiring with Claude Enoch and/or Randolph Fryar to traffic in more than 400 grams of cocaine in violation of G.S. 90-95. The trials of the three alleged conspirators were severed and Enoch had been tried and acquitted when defendant was tried. Nevertheless, in defendant's trial the court received into evidence out of court statements made by Enoch, refused to receive evidence of Enoch's prior acquittal, and charged the jury that it should find defendant guilty of the conspiracy if they found that he agreed with either Claude Enoch or Randolph Fryar to traffic in more than 400 grams of cocaine as charged in the indictment. These grave errors require a new trial and defendant's other contentions need not be discussed.

Inasmuch as a criminal conspiracy requires the agreement of two or more conspirators to the same criminal scheme it is inherent, as our Supreme Court held in *State v. Tom*, 13 N.C. (2 Devereaux) 569 (1830), that one cannot conspire with a non-conspirator. In that case, quite similar to this one, the defendant's conspiracy conviction was set aside because the trial judge instructed the jury that they could convict him if they found that he had conspired with an alleged co-conspirator who had been acquitted by another jury. In this case, since it had been determined that Claude Enoch was not a conspirator in the conspiracy defendant was being tried for, defendant's trial should have been conducted on that judicially established premise, rather than upon the foundationless and fictitious theory that Enoch was such a conspirator. We vacate defendant's conviction and remand the case to the Superior Court for a retrial consistent with this opinion.

Vacated and remanded.

Judges JOHNSON and SMITH concur.